NOTICE

Decision filed 02/25/21 The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190239-U

NO. 5-19-0239

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| TIMOTHY LEADLEY and TINA TOTTY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 17-L-737 |
| | ) | |
| DARRELL E. JONES, | ) | Honorable |
| | ) | Christopher T. Kolker, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the order of the circuit court adjudicating medical liens where appellants failed to present a sufficiently complete record to support claim of error.

¶ 2    Plaintiffs, Timothy Leadley and Tina Totty, appeal from an order of the circuit court of St. Clair County, which adjudicated the lien claimed by Memorial Hospital-East under the Health Care Services Lien Act (Act) (770 ILCS 23/1 *et seq.* (West 2016)) in the amount of $3110.09 against the settlement proceeds from plaintiffs' negligence action against defendant, Darrell E. Jones. On appeal, plaintiffs argue that the court erred in failing to declare Memorial Hospital-East's lien null and void where Memorial Hospital-East failed to comply with the requirements of section 25(a) of the Act (770 ILCS 23/25(a) (West 2018)). We affirm.

1

¶ 3                                    I. Background

¶ 4     On July 30, 2017, plaintiffs were involved in a motor vehicle collision with Jones, who was the at-fault driver. Plaintiffs sustained bodily injuries during the motor vehicle collision and received treatment for their injuries at Memorial Hospital-East.

¶ 5     On December 12, 2017, plaintiffs filed a four-count negligence complaint against Jones, seeking to recover damages for their bodily injuries, medical expenses, pain and suffering, and lost wages. Plaintiffs subsequently filed an amended complaint requesting punitive damages due to Jones's alleged intoxication at the time of the collision.

¶ 6     On December 21, 2017, Medical Reimbursements of America, acting on behalf of Memorial Hospital-East and pursuant to the Act (770 ILCS 23/1 *et seq.* (West 2016)), sent a written lien notice by certified mail to plaintiffs' attorney's office. The notice advised that Memorial Hospital-East, located at 1404 Cross Street, Shiloh, Illinois, 62269, had claimed a lien in the amount of $8110.09 against all causes of action, suits, claims, counterclaims, and demands accruing to plaintiff, Tina Totty, for the reasonable value of services rendered in the treatment, care, and maintenance of the injuries Totty sustained on July 30, 2017.

¶ 7     On February 15, 2019, plaintiffs' attorney sent a letter to Medical Reimbursements of America requesting the following pursuant to section 25(a) of the Act (770 ILCS 23/25(a) (West 2018)): (1) a written statement of the nature and extent of the injuries sustained by the injured person; (2) a written statement of the nature and extent of the treatment, care, or maintenance provided to the injured person by the health care professional or provider; and (3) a written statement of the history, if any, provided by the injured person, as shown in the medical records, as to the manner in which the injuries were received. In the letter, plaintiffs' attorney indicated that she had attached "a medical authorization executed by the injured person," as required by

2

the statute. The medical authorization referenced in the letter has not been included in the record on appeal.

¶ 8     On March 6, 2019, Medical Reimbursements of America responded to the letter by faxing a cover letter and invoice to plaintiffs' attorney's office. The cover letter listed a remaining balance of $3110.09 for medical treatment that Memorial Hospital-East had provided to Totty on August 2, 2017, and advised that "Medical Reimbursements of America ha[d] been contracted by Memorial Hospital East to coordinate insurance benefits for accident-related patient care." The invoice separately listed each medical service, along with the corresponding cost of each service, that was provided to Totty on August 2, 2017.

¶ 9     On March 11, 2019, after the parties apparently reached a settlement agreement,[1] plaintiffs filed a motion to adjudicate and/or strike liens claimed against the settlement proceeds. In support, plaintiffs attached, as exhibits, the purported liens of the two medical providers, including a copy of the December 21, 2017, written lien notice that plaintiffs' attorney had received from Medical Reimbursements of America. Plaintiffs also alleged in the motion that, on February 15, 2019, a written request for certain information was sent to Medical Reimbursements of America pursuant to section 25(a) of the Act (770 ILCS 23/25(a) (West 2018)), and that Medical Reimbursements of America responded to the request on March 6, 2019. In support, plaintiffs attached, as exhibits, a copy of the February 15, 2019, written request and copies of the March 6, 2019, fax cover letter and invoice. Plaintiffs did not allege in the motion that Medical Reimbursements of America's response to their request for certain information had failed to comply with section 25(a) of the Act. Plaintiffs concluded the motion by requesting the circuit court to adjudicate the validity and/or the amount of the claimed liens.

---

[1]While plaintiffs' motion to adjudicate and/or strike liens references liens against "settlement proceeds" in the case, the details regarding the parties' settlement, including the date, terms, and amount, have not been included in the record on appeal.

3

¶ 10    On March 11, 2019, plaintiffs' attorney prepared a notice advising that a hearing on their motion to adjudicate and/or strike liens was set for April 1, 2019. The notice was sent to Jones's attorney, Medical Reimbursements of America, and the other medical provider with a purported lien.

¶ 11    On March 26, 2019,[2] attorney Keith B. Hill attempted to electronically file both an entry of appearance on behalf of Memorial Hospital-East and a response to plaintiffs' motion to adjudicate and/or strike liens with respect to a settlement. In the response, Memorial Hospital-East alleged that it was a "health care provider" under section 5 of the Act (770 ILCS 23/5 (West 2018)), and that it had a lien on the settlement in the amount of $8110.09. Memorial Hospital-East acknowledged in the response that section 10 of the Act (770 ILCS 23/10 (West 2018)) limited liens under the Act to a certain percentage of the settlement proceeds. According to Memorial Hospital-East, plaintiffs' motion did not allege that its lien was unrelated or unreasonable. To the extent that those issues were in dispute or the circuit court required an evidentiary hearing to prove up the lien, Memorial Hospital-East requested the court to enter an order that: (1) required plaintiffs to produce, within seven days, written discovery responses, statements, and testimony taken in the case so that counsel for Memorial Hospital-East could assess whether plaintiffs were "judicially estopped from denying the reasonableness of the medical bills at issue and causal nexus between the occurrence and the medical care provided"; (2) allowed or authorized Memorial Hospital-East to produce protected medical information, including medical records and bills; and (3) continued the matter for an evidentiary hearing. In the event the court determined that an evidentiary hearing was unnecessary, Memorial Hospital-East requested that the court enter an order that: (1) adjudicated its lien consistent with the Act

[2]The record reveals that the entry of appearance and response were file stamped on April 8, 2019; however, the filings included a certification that the documents had been filed on or before 5 p m. on March 26, 2019.

4

"once the amount of the settlement [was] disclosed" and (2) included language that its participation in the case did not waive or extinguish its right to recover the balance of any unpaid bills regardless of the resolution of the lien proceeding pursuant to section 45 of the Act (770 ILCS 23/45 (West 2018)).

¶ 12 On April 1, 2019, plaintiffs and Memorial Hospital-East appeared with counsel at the hearing on plaintiffs' motion to adjudicate and/or strike liens. The other medical provider did not appear at the hearing. After the hearing, the circuit court, "being fully advised," entered a written order "adjudicat[ing] and reduc[ing] to zero ($0.00)" the lien of the other medical provider and "adjudicat[ing] the lien of Memorial Hospital-East to $3,110.09." The record on appeal does not contain a transcript of the hearing, and the written order does not disclose the court's reasoning or legal basis for adjudicating the liens.

¶ 13 On May 13, 2019, pursuant to the parties' prior stipulation for dismissal, the circuit court entered an order dismissing the case with prejudice "as to Darrell E. Jones"; however, the court "specifically retain[ed] jurisdiction as to any holders of purported medical liens and their adjudication." This appeal followed.

¶ 14                                          II. Analysis

¶ 15 On appeal, plaintiffs argue that the circuit court erred by failing to declare the purported lien of Memorial Hospital-East null and void pursuant to section 25(b) of the Act (770 ILCS 23/25(b) (West 2018)). No appellee's brief has been filed in this case, and there has been no request for additional time to do so. Consequently, we are left to resolve the instant appeal on the basis of plaintiffs' brief and the record only.

¶ 16 In the absence of an appellee's brief, a reviewing court should not reverse the judgment of a circuit court "without some consideration of the merits of the appeal." *First Capitol*

5

*Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131 (1976). In such cases, our supreme court has provided the following guidance:

> "We do not feel that a court of review should be compelled to serve as an advocate for the appellee or that it should be required to search the record for the purpose of sustaining the judgment of the trial court. It may, however, if justice requires, do so. Also, it seems that if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. In other cases[,] if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of the trial court may be reversed." *Talandis Construction Corp.*, 63 Ill. 2d at 133.

¶ 17 We are unable to decide the merits of this case due to an insufficient record. It is well settled that plaintiffs, as appellants, bear "the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392.

¶ 18 Here, the record fails to show circuit court's reasoning. The court's written order does not disclose a legal basis for adjudicating the lien of Memorial Hospital-East to $3110.09, and the order does not address any arguments made by the parties at the hearing. Additionally, the record on appeal contains neither a transcript of the hearing on plaintiffs' motion to adjudicate and/or strike liens nor an appropriate substitute, such as a bystander's report or agreed statement of facts, as permitted under Illinois Supreme Court Rule 323 (eff. July 1, 2017).

¶ 19 Plaintiffs' motion to adjudicate and/or strike liens contains no actual argument or reasoning in support. Plaintiffs simply alleged in the motion that they sent a written request to Memorial Hospital-East pursuant to section 25(a) of the Act and that Memorial Hospital-East

responded to their request. Plaintiffs did not argue in the motion that Memorial Hospital-East's response failed to comply with the statutory requirements or that Memorial Hospital-East's lien was null and void. Consequently, it is unclear from the record what arguments or evidence, if any, the court considered prior to making its ruling.

¶ 20    In light of the insufficiency of the record, we must presume that the order entered by the circuit court was in conformity with the law and had a sufficient factual basis.

¶ 21                                  III. Conclusion

¶ 22    For the reasons stated, we affirm the judgment of the circuit court of St. Clair County.


¶ 23    Affirmed.